**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Jagtar Singh,<br><br>                     Petitioner,<br><br>                    -v-<br><br>Todd Blanche, *Acting Attorney General of the United States*, Markwayne Mullin, *Secretary of the U.S. Department of Homeland Security*, Todd Lyons, Director, *U.S. Immigration and Customs Enforcement*, Ken Genalo, *NY Director, Field Office, Enforcement and Removal Operations., U.S. Immigration and Customs Enforcement*,<br><br>                  Respondents. | 2:26-cv-02538<br>(NJC) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

On April 29, 2026, Jagtar Singh filed this Petition seeking a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the lawfulness of his detention by Immigration and Customs Enforcement ("ICE"). (Petition for Writ of Habeas Corpus, ECF No. 1.) The Petition argues that ICE's detention of Mr. Singh without notice and opportunity to be heard since February 2, 2026 violates the Due Process Clause of the Fifth Amendment to the U.S. Constitution and the Administrative Procedure Act (the "APA"), and that his warrantless arrest was made without probable cause in violation of the Fourth Amendment to the U.S. Constitution. The Petition also argues that Mr. Singh's detention is governed by 8 U.S.C. § 1226(a) ("Section 1226(a)"), not 8 U.S.C. § 1225(b)(2) ("Section 1225(b)(2)"). The Petition seeks the following relief: (1) the issuance of a writ of habeas corpus requiring Respondents to immediately release Mr. Singh, with all of his personal belongings that were seized at the time of detention; (2) an order that

prohibits Respondents from re-detaining Mr. Singh without notice and opportunity to be heard at a pre-deprivation bond hearing, with the burden upon Respondents to demonstrate that his detention is authorized under Section 1226(a); (3) an order requiring Respondents to provide Petitioner with reasonable and timely access to counsel; (4) reasonable attorneys' fees and costs pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412; and (5) any further relief this Court deems just and proper.[1] (Pet. at 11.) Mr. Singh filed concurrently with his Petition a Motion for a Temporary Restraining Order, in which he seeks to enjoin his transfer from the Eastern District of New York pending adjudication of this habeas petition. (*See* ECF No. 2.) For the reasons explained below, the Petition is GRANTED in part.

Respondents are federal government officials named in their official capacities: (1) Todd Blanche, Acting Attorney General of the United States, (2) Markwayne Mullin, Secretary of the U.S. Department of Homeland Security ("DHS"), (3) Todd Lyons, Director of U.S. Immigration and Customs Enforcement, and (4) Ken Genalo, the New York Field Office Director of U.S. Immigration and Customs Enforcement's Enforcement and Removal Operations.

Respondents "submit[] that the Court can decide this matter without further briefing or additional hearings." (Response to Order to Show Cause at 2, ECF No. 7.) They concede that this Court "has already ruled on the principal legal issues herein in" its prior opinions, including

---

[1] The Petition also seeks: (1) an order prohibiting Mr. Singh's transfer from the Eastern District of New York pending adjudication of the Petition, (2) an order requiring Respondents to show cause why the writ should not be granted and to provide all supporting documentation, (3) an order requiring Respondents to produce Mr. Singh before this Court as needed for its review of the Petition. (Pet. at 51–52.) The Court has effectively granted such relief through the issuance of a April 29, 2026 Order to Show Cause, which required Respondents to provide their response to the Petition by May 3, 2026, at the latest, prohibited Respondents from removing Mr. Singh from the United States or transferring him outside of the Eastern District of New York, Southern District of New York, and District of New Jersey absent further order of the Court, and required Respondents to produce Mr. Singh for a Show Cause hearing on May 4, 2026. (*See* ECF No. 5.)

*Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274 (E.D.N.Y. 2025), *Covelli-Chaparro v. Bondi*, 816 F. Supp. 3d 332 (E.D.N.Y. 2026), *Munoz Caraguay v. Larocco*, __ F.Supp.3d __, No. 2:26-cv-569, 2026 WL 294842 (E.D.N.Y. Feb. 4, 2026), *Castellon v. Doe*, No. 2:26-cv-647, 2026 WL 326947 (E.D.N.Y. Feb. 7, 2026), and *Acevedo v. Nassau Correctional Center, et al.*, No. 2:26-cv-0250 (E.D.N.Y. Feb. 11, 2026). (*Id.*)

Respondents argue that ICE's detention of Mr. Singh was pursuant to Section 1225(b)(2), which governs the mandatory detention of certain noncitizens who are "seeking admission" to the United States. (Response to Order to Show Cause at 2.) Respondents recognize, however, that the Second Circuit's recent opinion in *Cunha v. Freden*, ___ F.4th ___, No. 25-3141-pr, 2026 WL 1146044 (2d Cir. Apr. 28, 2026), is "controlling," notwithstanding any potential future appeal, which Respondents are "still evaluating." (*Id.*) Respondents do not introduce any new arguments to justify their detention of Mr. Singh.

**DISCUSSION**

**I.      Petitioner is Detained Under 8 U.S.C § 1226(a)**

Respondents' argument that Mr. Singh is purportedly "seeking admission" and therefore subject to mandatory detention under Section 1225(b)(2) is contrary to the Second Circuit's holding in *Cunha v. Freden*, ___ F.4th __, No. 25-3141-pr, 2026 WL 1146044 (2d Cir. Apr. 28, 2026). Based on a close textual analysis of the statute, the Second Circuit concluded that Section 1225(b)(2)(A) "applies only to (1) noncitizens who are present and have not been admitted, and (2) are requesting (3) lawful entry into the United States after inspection and authorization." *Id.* at *6. In other words, it determined that an individual who is "seeking admission" as referenced

in Section 1225(b)(2)(A), is "presently pursuing lawful entry into the United States." *Id*. at *13.

The Second Circuit reasoned that:

> This result is dictated by the plain text of these provisions, and further confirmed by the statute's context, structure, history, and purpose. It likewise comports with the Supreme Court's established understanding of Sections 1225 and 1226. It reflects Executive Branch practice over thirty years and across five Presidential administrations. Moreover, it explains why Congress has never challenged that settled practice despite making numerous amendments to the immigration laws.

*Id*. at *2.

Here, Mr. Singh is not "seeking admission" because he is not "presently pursuing lawful entry in the United States." *Id*. at *13. He is not presenting himself at the border and was not recently apprehended just after entering this country. Rather, at the time that ICE detained him on February 2, 2026, Mr. Singh had been living in the interior of the United States since around 2024 and working with authorization in the restaurant industry. (Pet. ¶¶ 10, 16.) Moreover, at some point between 2024 and his February 2026 arrest, Mr. Singh also applied for asylum. (*Id*. ¶ 25.)

Like the habeas petitioner in *Cunha*, while Mr. Singh "is an applicant for admission under the statutory definition because he is present in the country and has never been admitted," but "it simply cannot be said that he is 'seeking admission,' as he is not requesting lawful entry into the United States." *Cunha*, 2026 WL 1146044 at *6. Accordingly, ICE's detention of Mr. Singh is governed by the discretionary detention framework set forth in Section 1226(a)—not Section 1225(b)(2).

## II.     Respondents Violated Petitioner's Right to Procedural Due Process

For the reasons explained in *Rodriguez-Acurio*, which are incorporated by reference here, Mr. Singh has a liberty interest in being free from detention that is afforded procedural due

process protection. ICE's detention of Mr. Singh without notice and opportunity to be heard infringes on that liberty interest and triggers the right to procedural due process.[2]

The balancing test set forth in *Matthews v. Eldridge*, 424 U.S. 319, 335 (1976), applies to procedural due process claims and requires this Court to consider: (1) the private interest that will be affected by the official action; (2) the risk of erroneous deprivation of that interest through the procedures used; and (3) the government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail. Applying this balancing test, Respondents' detention of Mr. Singh since February 2, 2026 violates his Fifth Amendment rights to procedural due process for the same reasons as those set forth in *Rodriguez-Acurio*.

Here, ICE's detention of Mr. Singh without any notice or opportunity to be heard infringes on "the most significant liberty interest there is—the interest in being free from imprisonment." *Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020). Moreover, there is a high risk of erroneous deprivation through the procedures used to detain Mr. Singh because Respondents failed to provide *any* notice or any opportunity to be heard before a Department of Homeland Security officer or immigration judge before ICE detained him on February 2, 2026.

Finally, Respondents fail to address any of the *Matthews v. Eldridge* factors, much less any government interests advanced by ICE's detention of Mr. Singh without notice or an

---

[2] Respondents have provided no argument at all as to whether Mr. Singh has a liberty interest in being free from detention. In prior habeas proceedings, Respondents have elected to incorporate by reference their arguments made in a prior action of this court: *Rodriguez-Acurio v. Almodovar*, No. 25-cv-6065 (E.D.N.Y.) Respondents have not done so here. Accordingly, before this Court, Respondents have not even disputed the notion that Mr. Singh has a liberty interest in being free from detention that is infringed by ICE's detention of him since February 2026 without notice and an opportunity to be heard.

opportunity to be heard. Although the Attorney General may have a legitimate government interest in ensuring the appearance of noncitizens at immigration proceedings and preventing danger to the community, there is absolutely nothing in the record showing that Mr. Singh presents a flight risk or danger to the community. He has absolutely no criminal record of any kind whatsoever, has appeared for all of his ICE check-ins, and has complied with the conditions of his Order of Release of Recognizance.[3] (Pet. ¶¶ 12–14.)

Moreover, Deportation Officer Kyle St. John attests that "flight risk and danger to the public assessments were not made" with respect to Mr. Singh prior to his arrest because, according to Respondents, the arrest and detention were carried out pursuant to Section 1225(b)(2). (Declaration of Kyle St. John ("St. John Decl.") ¶ 16, ECF No. 7-1.) However, based on the record, the ICE officers who arrested and detained Mr. Singh had no reason to believe that he presented any such risks.

Weighing all of the *Mathews v. Eldridge* factors—the significant liberty interest at stake, the high risk of erroneous deprivation, and Respondents' failure to demonstrate that Mr. Singh's detention was required to advance any legitimate government interest in preventing danger to the community or ensuring appearance at removal proceedings—Respondents' detention of Mr. Singh with no notice or opportunity to be heard violated his Fifth Amendment rights to procedural due process. Thus, ICE's detention of Mr. Singh from February 2, 2026 through April 30, 2026 was unlawful from its inception, notwithstanding Respondents' efforts at post-hoc

---

[3] While Deportation Officer Kyle St. John asserts that unnamed ICE officers "proceeded to cancel the release [on recognizance]" just prior to Mr. Singh's arrest on February 2, 2026, St. John provides no explanation or justification as to why Mr. Singh's ROR was revoked. (St. John Decl. ¶ 14; Feb. 2, 2026 Cancellation of Order of Release on Recognizance, ECF No. 7-4.) Critically, there is no evidence in the record that Respondents ever provided Mr. Singh notice or opportunity to be heard concerning any revocation of his ROR.

rationalization based on its expansive interpretation of Section 1225(b)(2).[4] *See Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025); *Rueda Torres v. Francis*, 2025 WL 3168759, at *5 (S.D.N.Y. 2025).

### III. Remedy

Upon finding a constitutional violation, a district court "may" grant a writ of habeas corpus and "dispose of the matter as law and justice require." 28 U.S.C §§ 2241(a), 2243. Release from detention is the "typical remedy" for "unlawful executive detention." *Munaf v. Green*, 553 U.S. 674, 693 (2008). In *Rodriguez-Acurio*, this Court provided the legal basis for ordering release from ICE detention as well as limited injunctive relief enjoining Respondents from invoking Section 1225(b) as the basis for subjecting a non-citizen habeas petitioner to mandatory detention, absent a change in relevant circumstances. *See Rodriguez-Acurio*, 811 F.Supp.3d at 319–21.

For those same reasons, in this action, "dispos[ing] of the matter as law and justice require," 28 U.S.C. § 2243, necessitated both the immediate release of Mr. Singh from ICE custody and narrow injunctive relief guarding against re-detention in violation of this Court's determination that Mr. Singh is not subject to mandatory detention under Section 1225(b). As in *Rodriguez-Acurio*, the limited grant of injunctive relief to guard against re-detention by ICE

---

[4] Although Respondents do not explicitly invoke 8 U.S.C. § 1225(b)(1) as the basis for ICE's detention of Mr. Singh, that provision is plainly inapplicable to him. Mr. Singh is not subject to mandatory detention pending expedited removal as an "arriving alien" under Section 1225(b)(1)(A)(i). *See Rodriguez-Acurio*, 811 F.Supp.3d at 305–308. Nor do Respondents even argue, much less show, that he falls within any category of non-citizens who are designated by the Attorney General or their delegate as eligible for mandatory detention pending expedited removal under the statute's Designation Provision, 8 U.S.C § 1225(b)(1)(A)(iii). *See id*. at 298–305. Accordingly, ICE's detention of Mr. Singh from February 2, 2026 through his April 30, 2026 release by order of this Court was pursuant to the discretionary detention scheme of Section 1226(a), not the mandatory detention scheme of either Section 1225(b)(2) or Section 1225(b)(1).

without a bond hearing on the basis of Section 1225(b)(2) absent a change in relevant circumstances falls within the "core of habeas," *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 119 (U.S. 2020), because it is necessary to ensure that the release of Mr. Singh is not rendered meaningless.

Additionally, Mr. Singh "is entitled to release from the unlawful restrictions on his liberty—which means, in the circumstances here, restoration of" the status quo ante. *Khabazha v. United States Immigr. & Customs Enf't*, No. 25-cv-5279, 2025 WL 3281514, at *9 (S.D.N.Y. Nov. 25, 2025) (ordering government to release petitioner from "restrictions on his liberty imposed as a result of his unlawful [detention] . . . including the ankle monitor and reporting requirements"). Prior to his unlawful detention, Mr. Singh was not subject to any release conditions, including but not limited to electronic monitoring requirements by ICE. Accordingly, "dispos[ing] of the matter as law and justice require," 28 U.S.C. § 2243, and "restor[ing] . . . the status quo ante," *Khabazha*, 2025 WL 3281514, at *9, required that Respondents release Mr. Singh without any release conditions, including but not limited to any electronic monitoring, such as GPS monitoring.

## CONCLUSION

Accordingly, for all of the reasons explained in this Memorandum and Order and those set forth in *Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274 (E.D.N.Y. 2025), the Petition is granted in part. As set forth in this Court's April 30, 2026 Order (ECF No. 9), Respondents were required to coordinate with Petitioner's counsel and thereafter release Petitioner, without any conditions, including but not limited to the condition of electronic monitoring—whether GPS monitoring, the ISAP mobile phone application, or any other form—into the physical care of his counsel or another mutually agreed upon person at the earliest possible time agreed upon by the

parties, but no later than 3:00 p.m. on April 30, 2026. Respondents were further required to release Petitioner with all of his belongings that were in Respondents' possession, including but not limited to all identification and work authorization cards, clothing, and money. Respondents were further required to confirm compliance with these directives, including by identifying the individual to whom Petitioner was released, in a filing on the docket by 8:00 p.m. on April 30, 2026.[5]

Additionally, pending the issuance of any final removal order against Mr. Singh, Respondents are enjoined from denying Mr. Singh bond in any subsequent proceeding on the basis that he must be detained pursuant to 8 U.S.C. § 1225(b), absent a change in relevant circumstances consistent with this Order.

At this time, the Court reserves ruling on the request for attorneys' fees and costs under the Equal Access to Justice Act set forth in the Petition. Mr. Singh may file an application for attorneys' fees and costs incurred in pursuing this action by August 4, 2026.

The Court concludes that the other arguments set forth in the Petition for granting Mr. Singh the requested relief, including arguments that his arrest violates the Fourth Amendment and the APA, are now moot and unnecessary to resolve.

---

[5] Respondents have timely submitted this filing confirming Mr. Singh's release. (ECF No. 10.)

Finally, as noted in the Court's April 30, 2026 Order, this Court adjourned the Show Cause hearing scheduled for May 4, 2026 at 11:00 a.m. in the Alfonse D'Amato U.S. Courthouse. The matter is held in abeyance.

Dated: Central Islip, New York
        May 6, 2026

                                          */s/ Nusrat J. Choudhury*
                                          NUSRAT J. CHOUDHURY
                                          United States District Judge